IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**RODNEY HARPER,**

    **Plaintiff,**

v.                                               No. 15-2502-STA-cgc

**SHELBY COUNTY GOVERNMENT,**
**et al.,**

    **Defendants.**

### ORDER PARTIALLY ADOPTING MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL
### AND
### ORDERING SERVICE OF PROCESS FOR SHELBY COUNTY GOVERNMENT

Before the Court is the United States Magistrate Judge's Report and Recommendation for *sua sponte* dismissal of Plaintiff's pro se complaint. Magistrate Judge Charmiane G. Claxton submitted her Report and Recommendation on January 29, 2016. (ECF No. 7.) Plaintiff has filed objections to the Magistrate Judge's Report. (ECF No. 8.) Having reviewed the Magistrate Judge's Report and Recommendation *de novo*[1] and the entire record of the proceedings, the Court hereby **PARTIALLY ADOPTS** the Report for the reasons set forth below.[2]

---

[1] *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.")

[2] Magistrate Judge Claxton granted Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) in the order of January 29, 2016. (ECF No. 7.)

Plaintiff filed suit against Shelby County Government; Mark Luttrell, Jr., in his individual and official capacities as Shelby County Mayor; General Sessions Judge John A. Donald; Kelly Rayne in her individual and official capacities as former Shelby County Attorney; Vicky Lyon in her individual and official capacities as Shelby County Human Resource Manager; the Shelby County Civil Service Merit Board; Shasta Sharp in her individual and official capacities as a member of Shelby County Government Civil Services; Gary Johnson in his individual and official capacities as Law Library Director; Shelby County Government Law Library Board Commissioners; Charles R. Perkins in his individual and official capacities as chairman of the Shelby County Government Law Library Board Commissioners; Roscoe A. Field, Jr., in his individual and official capacities as co-chairman of the Shelby County Government Law Library Board Commissioners; and Dewun R. Settle, Stephanie Lynn Russell, Thomas R. Branch, Ted I. Jones, David Earl McKinney, Charles S. Mitchell, and Thomas Roane Waring III in their individual and official capacities as members of the Shelby County Government Law Library Board Commissioners. (Cmplt., ECF No. 1.) Plaintiff, a former part time temporary library assistant for the Shelby County Government, alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; Title VI of the Civil Rights Act of 1964, 42 U.S.C.§ 2000d; 42 U.S.C. § 1983; and the United States Constitution; he also alleges various state law claims. (Cmplt. ¶¶ 32, 44, ECF No. 1.)

In assessing whether Plaintiff had stated a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Magistrate Judge properly applied the standard set forth in *Bell Atl. Corp. v. Twombly*.[3] The *Twombly* Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

---
[3] 550 U.S. 544 (2007).

conclusions, and a formulaic recitation of the elements of a cause of action will not do."[4] Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.[5] The complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory and must contain "enough facts to state a claim to relief that is plausible on its face."[6] The Magistrate Judge correctly noted that, although pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers and should be liberally construed, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure.[7]

The Magistrate Judge first found that Plaintiff's state law tort claims and those claims brought pursuant to 42 U.S.C. § 1983 were barred by the one year statute of limitations.[8] The latest date of any action taken against Plaintiff was September 25, 2013. Therefore, Plaintiff had to file his complaint alleging violations of federal civil rights statutes or for personal torts no later than September 25, 2014. However, the complaint was not filed until July 28, 2015, almost one year later.

---

[4] *Id.* at 555.

[5] *Id.*

[6] *Id.* at 556, 570.

[7] *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

[8] *See Stewart v. Memphis Hous. Auth.*, 287 F. Supp. 2d 853, 858 (W.D. Tenn. 2003) (citing Tenn. Code Ann. § 28–3–104(a) (2003) (under Tennessee law, § 1983 claims and personal tort actions are subject to a one year statute of limitations).

In his objections, Plaintiff contends that (1) his claims should be subject to equitable tolling and (2) the Magistrate Judge's statement of the law concerning the applicable statute of limitations is not correct. The Court finds Plaintiff's contentions to be without merit.

Equitable tolling is to be used sparingly.[9] "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."[10] Equitable tolling is allowed in situations when "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or [when] the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."[11] However, "[w]e have generally been much less forgiving ... [when] the claimant failed to exercise due diligence in preserving his legal rights."[12]

Plaintiff's pursuit of the administrative remedies required by Title VII prior to filing this action did not prevent him from filing a lawsuit based on the alleged violations of his civil rights and state law. No "misconduct" or "trickery" was involved. He merely failed to exercise the necessary due diligence in preserving his rights. Furthermore, Tennessee law does not provide for the tolling of the statute of limitations governing civil rights claims while a plaintiff pursues administrative remedies.[13] Therefore, Plaintiff is not entitled to equitable tolling on these claims.

---

[9] *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000).

[10] *Id.* at 560–61.

[11] *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

[12] *Id.*; *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

[13] *See, e.g., Johnson v. Ry. Express Agency*, 421 U.S. 454, 466 (1975) (holding based on Tennessee state law that the plaintiff's § 1981 claim was not tolled pending exhaustion of his Title VII claim); *Burnett v. Tyco Corp.*, 923 F. Supp. 1039, 1044 (W.D. Tenn. 1996) (noting that,

Plaintiff is incorrect that Tennessee's one year statute of limitations does not apply to his state law tort claims and claims under § 1983. It is well-settled that federal courts apply state statutes of limitations in proceedings brought under § 1983.[14] This time period is the same statute of limitations period that the applicable state law provides for personal injury torts, which is one year in Tennessee.[15] The Magistrate Judge correctly determined that the controlling statute for Plaintiff's state law tort claims and § 1983 claims is Tennessee's one-year statute of limitations and, thus, the claims are barred and should be dismissed with prejudice.[16]

The Magistrate Judge also recommended that Plaintiff's claims brought under Title VI and VII be dismissed with prejudice for failure to state a claim. The Court agrees with this recommendation concerning the Title VI claims.

Title VI states: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."[17]  To

---

under Tennessee law, claims brought under the Tennessee Human Rights Act are not tolled while administrative charges are pending).

[14] *Wallace v. Kato*, 549 U.S. 384, 387 (2007).

[15] *See Id.*; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28–3–104 in a § 1983 claim).

[16] The Magistrate Judge construed Plaintiff's cause of action labeled "plaintiff exercise of rights protected by public policy" as being brought pursuant to the Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 50-1-304. She correctly determined that claims for retaliatory discharge under the TPPA must be brought within one year of discharge from employment. *Farmer v. Tennessee Dept. of Safety*, 228 S.W.3d 96, 98 (Tenn. Ct. App. 2007); *Gibson-Holmes v. Fifth Third Bank*, 661 F. Supp. 2d 905, 912 (M.D. Tenn. 2009). Plaintiff's termination date was on or about September 25, 2013; therefore, the latest that he could have filed his complaint alleging a violation of the TPPA would have been September 25, 2014.

[17] 42 U.S.C. § 2000d.

establish a retaliation claim under Title VI, Plaintiff must prove that "(1) [he] was engaging in a protected activity; (2) the funded entity subjected [him] to an adverse action after or contemporaneously with the protected activity; and (3) a causal link between the adverse action and the protected activity."[18] Although Plaintiff contends that he was retaliated against in violation of Title VI because he complained when he was "ordered" to give "the cold shoulder treatment" to a library patron,[19] he has not alleged that his complaints were in defense of a patron being discriminated against based on "race, color, or national origin." Instead, he has alleged that Defendant Gary Johnson issued the "cold shoulder" order based on Johnson's perception that the patron "harbored a dislike for homosexuals."[20] This type of conduct does not come within the purview of Title VI.

Moreover, Plaintiff's Title VI claim is barred by the statute of limitations. Title VI does not contain its own statute of limitations but borrows the state's personal injury limitations period.[21] As discussed above, Plaintiff filed this lawsuit more than one year after the events giving rise to the lawsuit occurred. As with § 1983 claims, Title VI claims are not tolled pending a plaintiff's pursuit of administrative remedies.[22]

---

[18] *Whitfield v. Notre Dame Middle Sch.*, 412 F. App'x 517, 522 (3d Cir. 2011) (citing *Peters v. Jenney*, 327 F.3d 307, 320 (4th Cir. 2003)).

[19] (Cmplt. ¶¶ 20, 34, ECF No. 1.)

[20] (*Id.* ¶¶ 20, 34.)

[21] *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 729 (6th Cir. 1996) (finding that the state personal injury limitations period applies to Title VI).

[22] *See Simmons v. Middle Tenn. State Univ.*, 117 F.3d 1421 (Table), 1997 WL 400105 *2–3 (6th Cir. July 11, 1997) (holding that Title VI claim was not tolled pending the plaintiff's pursuit of administrative remedies when the statute did not mandate exhaustion of administrative remedies).

Plaintiff contends that he was subjected to retaliation, same-sex harassment, and a hostile work environment in violation of Title VII. The Magistrate Judge determined that Plaintiff had failed to state a claim under Title VII because he had not alleged discrimination "with respect to his compensation, terms, conditions or privileges of employment, because of [his] race, color, religion, sex or national origin."[23] The Magistrate Judge read the complaint as referring only to actions taken against Plaintiff for failure to deny library services to a patron. While it is correct that Plaintiff has not stated a claim under Title VII for those particular actions,[24] Plaintiff also alleges that he was subjected to same sex harassment by Defendant Johnson, was retaliated against when he complained of that harassment, and the same sex harassment created a hostile work environment.

Specifically, Plaintiff alleges in the complaint that, on September 13, 2013, Johnson came into Plaintiff's office, and, when Plaintiff, tried to leave, Johnson blocked his path.[25] Plaintiff's EEOC charge further details his encounters with Johnson:

> I was subjected to sexual harassment from my male supervisor, Gary Johnson. The sexual harassment included, but was not limited to, looking at my private parts on July 25, 2013; rubbing up against me and blocking my path on September 13, 2013. The September 13, 2013, incident caused me to call 911. It is my belief that Johnson wanted sexual favors for him recommending and facilitating my permanent hire.
>
> On September 17, 2013, I was recommended for discharge for objecting to sexual harassment and calling 911 about the sexual harassment…..

---

[23] 42 U.S.C. § 2000e-2(a)(1).

[24] *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (Title VII is not "a general civility code for the American workplace.")

[25] (Cmplt. ¶ 42, ECF No. 1.)

> I believe that I have been discriminated against because of my sex, male (sexual harassment) and retaliated against for objecting to the advances and calling 911 in violation of Title VII of the Civil Rights Act of 1964, as amended.[26]

When a Court considers whether dismissal for failure to state a claim is appropriate, the Court may consider the complaint and attached exhibits, as well as any public records, so long as they are referred to in the complaint and are central to the claims contained therein.[27] As well as the EEOC charge being attached to the complaint in the present case, EEOC charges and related documents, including right to sue letters, are public records of which the Court may take judicial notice.[28]

Sexual harassment is a form of discriminatory treatment and is actionable under Title VII whether it involves members of the same gender or different genders.[29] A plaintiff alleging sexual harassment, whether same sex or otherwise, may recover on a theory of a hostile work environment.[30] Title VII also prohibits an employer from retaliating against an employee who has opposed an unlawful employment practice such as same sex harassment.[31] In the present case, the Court finds that Plaintiff's allegations of same sex harassment, hostile environment, and

---

[26] (EEOC Charge attached to Cmplt. p. 2, ECF No. 1-1.)

[27] *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

[28] *See Williams v. Steak 'N Shake*, 2011 WL 3627165 *3 (N.D. Ohio Aug. 17, 2011). *See also Falbish v. University of Minnesota*, 304 F.3d 797, 802–03 (8th Cir. 2002) (concluding that EEOC charge was part of the public record); *Rhea v. Dollar Tree Stores, Inc.*, 395 F. Supp.2d 696, 703 (W.D. Tenn. 2005) (EEOC charge was part of the public record for purposes of a motion to dismiss on statute of limitations grounds).

[29] *Oncale*, 523 U.S. at 79.

[30] *Id.* at 82; *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 73 (1986).

[31] *See Wasek v. Arrow Energy Serv, Inc.*, 682 F.3d 463, 468 (6th Cir. 2012) (citing 42 U.S.C. § 2000e–3(a)).

retaliation are enough to raise a right to relief under Title VII above the speculative level.[32] Therefore, these claims cannot be dismissed at this juncture and must survive initial screening.

Next, the Court must determine the proper defendant for Plaintiff's Title VII claims. Although Plaintiff has sued many individuals in his Complaint, the individually named Defendants and Boards were not Plaintiff's employer and, as such, are not proper defendants to Plaintiff's claims under Title VII.[33] Shelby County Government was Plaintiff's employer at the time of the underlying events and, therefore, is the only proper Defendant for the Title VII claims.[34]

As for Plaintiff's breach of employment contract claim, although the Magistrate Judge correctly determined that this Court does not have subject matter jurisdiction over this claim under either 28 U.S.C. § 1331 or § 1332, the Court may, under 28 U.S.C. § 1367, exercise supplemental jurisdiction over state law claims that are ancillary to the relief sought. However, under the standard set forth in *United Mine Workers v. Gibbs*,[35] and codified in 28 U.S.C. § 1367(c), this Court has broad discretion to exercise its supplemental jurisdiction.[36]

---

[32] *Twombly*, 550 U.S. at 555.

[33] *See Wathen v. General Elec. Co.*, 115 F.3d 400, 406 (6th Cir. 1997) ("Congress did not intend individuals to face liability under the definition of 'employer' it selected for Title VII.") and *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999) ("supervisors, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes, and accordingly cannot be held personally liable for discrimination.") *See also Smith v. Lomax*, 45 F.3d 402 (11th Cir. 1995) (board of commissioners members could not "be held liable under the ADEA or Title VII.")

[34] (Cmplt. ¶ 48, ECF No. 1 ("The Plaintiff's employer was the Shelby County Government.").

[35] 383 U.S. 715 (1966).

[36] *See Cirasuola v. Westrin*, 1997 WL 472176 *1 (6th Cir. Apr. 18, 1997), *aff'g*, 915 F. Supp. 909 (E.D. Mich. 1996) (Even when a court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a), the court may decline to exercise its supplemental jurisdiction.).

"As articulated by *Gibbs*, the doctrine of pendent jurisdiction [] is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values."[37] In exercising its discretion, this Court must look to considerations of judicial economy, convenience, fairness, and comity, and also avoid needless decisions of state law.[38] Depending on the circumstances of the case, the nature of the state law claims, the governing state law, and the relationship between the state and federal claims, district courts may decline to exercise jurisdiction over supplemental state law claims.

As discussed in *Williams v. City of Detroit*,[39]

> Litigation in the federal courts involving both federal law claims and supplemental state law claims has caused procedural and substantive problems. Even if the federal and state claims in this action arise out of the same factual situation, litigating these claims together may not serve judicial economy or trial convenience. Federal and state law each have a different focus, and the two bodies of law have evolved at different times and in different legislative and judicial systems. Because of this, in almost every case with supplemental state claims, the courts and counsel are unduly preoccupied with substantive and procedural problems in reconciling the two bodies of law and providing a fair and meaningful proceeding.

> The attempt to reconcile these two distinct bodies of law often dominates and prolongs pretrial practice, complicates the trial, lengthens the jury instructions, confuses the jury, results in inconsistent verdicts, and causes post-trial problems with respect to judgment interest and attorney fees. Consequently, in many cases the apparent judicial economy and convenience of the parties' interest in the entertainment of supplemental state claims may be offset by the problems they create.

---

[37] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

[38] *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997); *Gibbs*, 383 U.S. at 726; *see also* C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3567.1 (2d ed. 1984).

[39] 2006 WL 1897295 *2 (E.D. Mich. July 11, 2006).

In the present case, Plaintiff's state law breach of employment law claim "would substantially expand the scope of this case beyond that necessary and relevant to the federal law claim."[40] Additionally, the Court finds that judicial economy, convenience, fairness, and comity weigh against exercising supplemental jurisdiction over this claim. Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law breach of contract employment claim, and it is dismissed without prejudice.

Finally, the Magistrate Judge construed the "defending civil service employee from discharge" claim as a claim challenging the decision of a county civil service board that affects the employment status of a civil servant under Tenn. Code Ann. § 27-9-114. She correctly determined that, pursuant to Tenn. Code Ann. § 27-9-114, judicial review of such decisions is subject to the provisions of the Uniform Administrative Procedures Act, Tenn. Code Ann. § 4-5-322. Section 4-5-322(b)(1)(A) provides that "[p]roceedings for review are instituted by filing a petition for review in the chancery court of Davidson County, unless another court is specified by statute."

Because there is no authorization in this statute for concurrent jurisdiction with federal court, the Magistrate Judge properly found that the claim for defending civil service employees from discharge should be dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3).

In summary, the Court **ADOPTS** the portion of the Report and Recommendation **DISMISSING WITH PREJUDICE** the state law tort claims, the state law TPPA claim, the claims brought pursuant to 42 U.S.C. § 1983, and the Title VI claim for failure to state a claim upon which relief may be granted and **DISMISSING WITHOUT PREJUDICE** the "defending

civil service employee from discharge" claim for lack of subject matter jurisdiction. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law breach of employment contract claim, and this claim is **DISMISSED WITHOUT PREJUDICE**. Process will issue for the Title VII claims against Shelby County Government. All other defendants are **DISMISSED** from the action.

It is **ORDERED** that the Clerk shall issue process for Defendant Shelby County Government and deliver said process to the marshal for service. All costs of service shall be advanced by the United States.

It is further **ORDERED** that Plaintiff shall serve a copy of every further document filed in this cause on the attorney for the Defendant or on the Defendant if it has no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

**IT IS SO ORDERED.**

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE

                                        Date: February 23, 2016.

---

[40] *Id.*